TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JOSEPH D. AXELRAD (Cal. Bar No. 274580)
Assistant United States Attorneys
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6520
    Facsimile: (213) 894-0141
    E-mail:   joseph.axelrad@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-00292-MCS |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| SCOTT QUINN BERKETT, | |
| Defendant. | **CURRENT TRIAL DATE:** August 17, 2021<br>**PROPOSED TRIAL DATE:** November 16, 2021 |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Joseph D. Axelrad, and defendant Scott Quinn BERKETT ("defendant"), both individually and by and through his counsel of record, Evan Jenness and Blair Berk, hereby stipulate as follows:

     1.    Defendant was charged by complaint on May 21, 2020, and was arraigned on the complaint on May 24, 2021.

    2.    The complaint was dismissed on June 21, 2021.

    3.    The Indictment in this case was filed on June 22, 2021. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 24, 2021.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before September 2, 2021.

    4.    On June 24, 2021, the Court set a status conference for August 9, 2021, at 3 p.m. and a trial date of August 17, 2021

    5.    Defendant is detained pending trial.  The parties estimate that the trial in this matter will last approximately four days.

    6.    By this stipulation, defendant moves to continue the status conference to November 8, 2021, at 3 p.m., and the trial date to November 16, 2021.  This is the first request for a continuance.

    7.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

        a.    Defendant is charged with a violation of 18 U.S.C. § 1958: Use of Interstate Facilities to Commit Murder-For-Hire.  The government has produced preliminary discovery to the defendant.

        b.    According to defense counsel, defense counsel is in the process of assembling defendant's medical and mental health records, and will require additional time to commence and complete the lengthy process of having defendant evaluated by forensic experts.  Accordingly, counsel represents that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

        c.    In light of the foregoing, counsel for defendant represents that additional time is necessary to confer with

defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

   e. The government does not object to the continuance.

   f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 8. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 17, 2021, to November 16, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and

(iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 30, 2021                    Respectfully submitted,

                                        TRACY L. WILKISON
                                        Acting United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                         /s/ Joseph Axelrad
                                        JOSEPH D. AXELRAD
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

//

//

4

I am SCOTT QUINN BERKETT's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 16, 2021 is an informed and voluntary one.

_____    6/29/21
EVAN JENNESS                        Date
BLAIR BERK
Attorneys for Defendant
SCOTT QUINN BERKETT

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 16, 2021.

_Scott Berkett_____       6/29/21
SCOTT QUINN BERKETT                 Date
Defendant

5