EVAN A. JENNESS (SBN 136822)
LAW OFFICES OF EVAN A. JENNESS
777 South Figueroa Street, Ste. 3800
Los Angeles, California 90017
Tel.: (213) 630-5088
Fax: (213) 683-1225
Email:  evan@jennesslaw.com

BLAIR BERK (SBN 159087)
TARLOW & BERK
9119 Sunset Boulevard
Los Angeles, California 90069
Tel.: (310) 278-2111
Fax: (310) 550-7055
Email:  blairberk@tarlowberk.com

Attorneys for Defendant
Scott Berkett

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 21-cr-292-MCS (jc) |
| ) | |
| Plaintiff, ) | REPLY MEMORANDUM IN |
| ) | SUPPORT OF MOTION FOR |
| v. ) | RECONSIDERATION OF ORDER |
| ) | DENYING MOTION FOR PRETRIAL |
| SCOTT BERKETT, ) | RELEASE [CR 44] |
| ) | |
| Defendant. ) | Date:  To be set. |
| ) | Courtroom:  Roybal - 750 |
| | Judge:  Hon. Jacqueline Chooljian |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     Scott Berkett, through counsel, hereby submits the accompanying reply memorandum in response to the Government's Opposition to Defendant's Motion for Reconsideration [CR 46], and in further support of the defense's Motion for Reconsideration of Order Denying Motion for Pretrial Release [CR 44].  CR 45.

Dated:  September 13, 2021                 Respectfully submitted,

                                            LAW OFFICES OF EVAN A. JENNESS

                                            By:   _/s/ Evan A. Jenness_              
                                                EVAN A. JENNESS

                                            TARLOW & BERK

                                            By:   _/s/ Blair Berk_                  
                                              BLAIR BERK

**MEMORANDUM**

The prosecution cites no authority undermining the conclusion that the Bail Reform Act prohibits, as a matter of law, the detention of a defendant unless one of the conditions set forth in 18 U.S.C. § 3142(f) has been met - either one of the enumerated factors in subparagraph (f)(1) is present or the defendant presents: (1) a serious risk of flight; or (2) a serious risk of obstructing or attempting to obstruct justice, or threatening, injuring, or intimidating, or attempting to threaten, injure, or intimidate, a prospective witness or juror under subparagraph (f)(2).  Because those considerations are not met here, the Court should reconsider its detention order [CR 44], and order Scott Berkett's release on reasonable conditions.

Every Circuit that has considered this issue – including the Ninth Circuit in *Twine* – has held that Section 3142(f) "authorize[s] detention only upon proof of likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute." *United States v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986), *see also United States v. Twine*, 344 F3d 987 (9th Cir. 2003) (agreeing with *Himler*) (*per curiam*), *reh'g en banc denied*, 362 F.3d 1163 (2004); *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) (absent one of the Section 3142(f) factors being present, "detention is not an option"); *United States v. Byrd*, 969 F.2d 106 (5th Cir. 1992); *United States v. Friedman*, 837 F.2d 48 (2d Cir. 1988); *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988).  The prosecution's arguments do not support a different conclusion in this case.

In asking the Court to misread the plain language of *Twine*, and other appellate precedent, the prosecution cites *Untied States v. Kouyoumdjian*, 601 F. Supp. 1506, 1509 (C.D. Cal. 1985).  That decision does not apply here because the defendant was charged with drug trafficking, an enumerated offense for which the Bail Reform Act specifically authorizes detention.  *See* 18 U.S.C. § 3142(f)(1)(C) (offense with a maximum sentence of ten years or more under the Controlled Substances Act).  The offense charged here is not an enumerated offense.

1       The prosecution also misplaces reliance on *United States v. Walker*, 808 F.2d

2   1309, 1311 (9th Cir. 1986) in arguing that the Bail Reform Act permits detention

3   based on prospective dangerousness in this case.  Again, *Walker* is inapposite

4   because the defendant was charged with drug trafficking, an offense for which the

5   Bail Reform Act authorizes detention under Section 1342(f)(1)(C), unlike this case.

6       The prosecution's citation of *United States v. Motamedi*, 767 F.2d 1403, 1406

7   (9th Cir. 1985) is also unavailing because *Motamedi* did not consider *at all* the issue

8   of prospective future dangerousness as a ground for detention.  Rather, the

9   prosecution sought detention solely "on the ground that Motamedi posed a serious

10  *risk of flight*," and the "the magistrate concluded that the Government had

11  demonstrated by a preponderance of the evidence that no condition or combination

12  of conditions would reasonably assure the appearance of Motamedi . . . and ordered

13  him detained," the District Court "concluded that the magistrate's factual findings

14  were not clearly erroneous and that it would reach the conclusion that no condition

15  or combination of conditions would reasonably assure Motamedi's appearance," and

16  the Ninth Circuit held "that the grounds upon which the district court based its

17  determination that Motamedi poses a *serious risk of flight*, and that no condition or

18  combination of conditions will reasonably assure his appearance as required, are

19  insufficient." *Id*. at 1404-1405, 1408-1409 (emphasis added).

20      Finally, the prosecution implies that the unpublished and non-precedential

21  nature of the District Court's ruling in *United States v. Nwabueze*, 10-cr-41-MMM

22  [CR 45, at Exh A] weighs against reconsideration of detention.  The opinion was not

23  submitted as precedent, but to incorporate by reference its discussion of the Bail

24  Reform Act and some of the appellate decisions cited by the defense during August

25  31, 2021 proceedings before this Court on the defense's renewed bail motion –

26  *Twine*, *United States v. Byrd*, 969 F2d 106 (5th Cir. 1992), *United States v.*

27  *Friedman*, 837 F.2d 48 (2d Cir. 1988), *United States v. Ploof*, 851 F.2d 7 (1st Cir.

28

4

1988), *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986) and *United States v. Singleton*, 182 F.3d 7 (D.C. Cir. 1999).

Contrary to the prosecution's suggestion, the decision in *Nwabueze* is not an outlier.  *See* Exhs A (*United States v. Chavez-Rigas*, 536 F. Supp. 2d (E.D. Wis. 2008) ("Unless the case falls within one of the above categories in § 3142(f), the court may not detain the defendant . . . a showing of danger to the community, alone, in a case not falling within one of these specific circumstances, does not justify detention under the Act," citing *Byrd*, *Ploof*, *Himler* and *Friedman*)), B (*United States v. Morgan*, 2014 WL 3375028 (C.D. Ill. 2014) (unpublished) ("Court may not as a matter of law" detain defendant unless "either one of the enumerated factors in subparagraph (f)(1) is present or the Defendant presents: (1) a serious risk of flight; or (2) a serious risk of obstructing or attempting to obstruct justice, or threatening, injuring, or intimidating, or attempting to threaten, injure, or intimidate, a prospective witness or juror under subparagraph (f)(2)," citing *Himler*, *Twine*, *Singleton*, *Byrd*, *Friedman* and *Ploof*)).

## CONCLUSION

Based on the preceding, the defense requests the Court reconsider its ruling, and order Scott Berkett's release on reasonable conditions.

Dated:  September 13, 2021        Respectfully submitted,

LAW OFFICES OF EVAN A. JENNESS

By:  /s/ *Evan A. Jenness*
        EVAN A. JENNESS

TARLOW & BERK

By:  /s/ *Blair Berk*
        BLAIR BERK
Attorneys for Defendant

EXHIBIT A

536 F.Supp.2d 962
United States District Court,
E.D. Wisconsin.

UNITED STATES of America, Plaintiff,

v.

Jose CHAVEZ-RIVAS, Defendant.

No. 08-CR-31.
|
Feb. 27, 2008.

**Synopsis**

**Background:** Defendant was charged with unlawful re-entry after deportation and released on $50,000 bond and other conditions including electronic monitoring. Government moved to revoke release order.

**Holdings:** The District Court, Lynn Adelman, J., held that:

[1] defendant could not be detained as danger to community, and

[2] defendant was not flight risk.

Motion denied.

West Headnotes (6)

**[1]    Bail**  👉  **Presumptions and Burden of Proof**

The rebuttable presumption under the Bail Reform Act that no conditions will reasonably assure the appearance of defendant and safety of community shifts the burden of production to the defendant to come forward with some evidence that if released he will not flee or endanger the community; even if the defendant rebuts it, the presumption remains in the case as an evidentiary finding militating against release, but the ultimate burden of persuasion rests on the government. 18 U.S.C.A. § 3142(g).

11 Cases that cite this headnote

**[2]    Bail**  👉  **Evidence**

When the government seeks detention based on the defendant's alleged dangerousness, it must establish by clear and convincing evidence that no condition or set of conditions will ensure the safety of the community. 18 U.S.C.A. § 3141 et seq.

1 Cases that cite this headnote

**[3]**     **Bail** 👈 Evidence

When the government seeks detention based on the defendant's risk of flight, it must establish by a preponderance of the evidence that no conditions will reasonably assure his appearance in court. 18 U.S.C.A. § 3141 et seq.

21 Cases that cite this headnote

**[4]**     **Bail** 👈 Right to Release on Bail

Defendant charged with illegal re-entry after deportation could not be detained as danger to community under Bail Reform Act; defendant was not arrested for specific category of extremely serious offenses requiring detention, and there was no evidence that defendant engaged in violent conduct since assault conviction when he was 21 years old or that he engaged in new criminal conduct upon return to United States. 18 U.S.C.A. § 3142(f)(1).

3 Cases that cite this headnote

**[5]**     **Bail** 👈 Right to Release on Bail

Defendant's status as deportable alien did not mandate detention under Bail Reform Act pending appearance for charges of illegal re-entry after deportation. 18 U.S.C.A. § 3142.

16 Cases that cite this headnote

**[6]**     **Bail** 👈 Grounds for Grant or Denial

Defendant charged with illegal re-entry after deportation was not flight risk if released on bail pending appearance; defendant had strong family and community ties, he was married and had five small children living in area, defendant's wife and children were citizens who seemed unlikely to flee with defendant, conditions of release were strict and required substantial monetary bond from wife, family would suffer financial loss if defendant fled, and nothing in circumstances of offense suggested risk of flight. 18 U.S.C.A. § 3142.

8 Cases that cite this headnote

**Attorneys and Law Firms**

**\*963**  Brian J. Resler, United States Department of Justice, Office of the U.S. Attorney, Milwaukee, WI, for Plaintiff.

***DECISION AND ORDER***

LYNN ADELMAN, District Judge.

The government charged defendant Jose Chavez-Rivas with unlawful re-entry after deportation, 8 U.S.C. § 1326, and a magistrate judge initially ordered him detained pending trial. However, the magistrate judge subsequently reconsidered and released defendant on a $50,000 bond (with $10,000 to be posted in cash) and other conditions including electronic monitoring. The government asked me to revoke the release order, and I stayed it pending review. Under 18 U.S.C. § 3145(a), my review is de novo, *United States v. Portes,* 786 F.2d 758, 761 (7th Cir.1985), but I am not obliged to conduct a de novo hearing, *see United States v. Torres,* 929 F.2d 291, 292 (7th Cir.1991). In any case, neither side specifically requests a hearing, and I find that the record made before the magistrate judge is sufficient for me to rule. For the reasons that follow, I deny the government's motion to revoke the release order.

## I. FACTS AND BACKGROUND

Defendant was born in Mexico in 1971, but came to the United States (illegally) with his family as a child. In 1993, he was convicted of assault with a deadly weapon in a California state court and sentenced to three years in prison. In 1994, immigration authorities deported him to Mexico. He subsequently re-entered the country and married a United States citizen, Sandy Rivas, in 1997. The two settled in Wisconsin and had five children together. However, defendant's applications for permanent residence and/or adjustment of status based on his marriage were denied.

In 2004, defendant was convicted of delivery of cocaine in a Wisconsin state court and sentenced to six years probation with one year in the county jail as a condition. In April 2005, immigration authorities again deported him to Mexico. He again returned to Wisconsin and in September 2005 state authorities revoked his probation, and the court sentenced him to 3 ½ years initial confinement and 3 ½ years extended supervision. In December 2007, a Wisconsin Department of Corrections official noticed that defendant was an illegal alien and notified Immigration and Customs Enforcement ("ICE"). A grand jury subsequently indicted defendant for illegal re-entry, commencing the present case.[1]

 **\*964**  Defendant's children, ranging in age from three to nine, currently reside with their mother in Milwaukee. The family lived in a home they owned for nine years but lost it to foreclosure. Defendant's wife and children now live in another home in Milwaukee on a five year land contract. Mrs. Rivas has been employed by Northwestern Mutual Life Insurance Company for twenty-seven years and is currently assigned to the investment planning area, earning an annual salary of about $80,000. She borrowed $10,000 against life insurance policies on her children to come up with the cash required by the magistrate judge and agreed to pledge the amount in her 401(k) account as surety for the balance of the bond.

## II. EFFECT OF DEFENDANT'S IMMIGRATION STATUS ON THE RELEASE DECISION

In its motion, the government focuses on defendant's illegal presence in the United States and the likelihood that, if I release him, he will be turned over to ICE and deported. Thus, it argues that no conditions of release will assure his appearance in court.

Section 3142(d) of the Bail Reform Act addresses the issue of release when the defendant is a deportable alien. Under § 3142(d), if the court determines that the defendant is not a United States citizen or a lawfully admitted permanent resident and may flee or pose a danger to any other person or the community, it shall detain him for no more than ten days and direct the government's attorney to notify the appropriate immigration official. If such official does not take the defendant into custody during that ten day period, the defendant "shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings." 18 U.S.C. § 3142(d); *see also United States v. Adomako,* 150 F.Supp.2d 1302, 1304 (M.D.Fla.2001) ("If the INS official does not take custody during a period of not more than ten days, Congress directs the Court to apply the normal release and detention rules to the deportable alien without regard to the laws governing release in INS deportation proceedings[.]").

In the present case, the magistrate judge did not temporarily detain defendant under § 3142(d) at the initial appearance; rather, he simply entered a detention order under § 3142(f).[2] Nevertheless, ICE has been notified of defendant's presence and has not taken him into custody, instead lodging a detainer. That being the case, § 3142(d) requires me to treat defendant like any other offender under the Bail Reform Act. *See Adomako,* 150 F.Supp.2d at 1304 ("Congress chose not to exclude deportable aliens from consideration for release or detention in criminal proceedings."); *see also United States v. Hernandez,* 747 F.Supp. 846 (D.Puerto Rico 1990) (ordering release of alien-defendant charged with violation of 8 U.S.C. § 1326 where the evidence showed he was not a flight risk).[3]

**\*965  III. GENERAL RELEASE STANDARDS**

Under the Bail Reform Act, a defendant charged with an offense may be (1) released on personal recognizance, (2) released on conditions, (3) temporarily detained or (4) detained. 18 U.S.C. § 3142(a). The court may deny release only if no conditions will reasonably assure (1) the defendant's appearance and (2) the safety of the community, § 3142(e), and should resolve doubts about the propriety of release in the defendant's favor, *see, e.g., United States v. Hammond,* 204 F.Supp.2d 1157, 1161 (E.D.Wis.2002); *United States v. Barnett,* 986 F.Supp. 385, 392 (W.D.La.1997).

 [1]    In determining whether (and which) conditions of release will reasonably assure the appearance of the defendant and the safety of the community, the court considers (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger, if any, that release would pose. 18 U.S.C. § 3142(g). If the court finds probable cause to believe that the defendant committed a drug offense for which the maximum penalty is ten years or more or an offense under 18 U.S.C. § 924(c), a rebuttable presumption arises that no condition(s) will reasonably assure the appearance of the defendant and the safety of the community.[4] § 3142(e). The presumption shifts the burden of production to the defendant to come forward with some evidence that if released he will not flee or endanger the community. *Portes,* 786 F.2d at 764. Even if the defendant rebuts it, the presumption remains in the case as an evidentiary finding militating against release, but the ultimate burden of persuasion rests on the government. *United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir.1986).

 [2]    [3]    When the government seeks detention based on the defendant's alleged dangerousness, it must establish "by clear and convincing evidence that no condition or set of conditions will ensure the safety of the community." *Portes,* 786 F.2d at 764. When the government seeks detention based on the defendant's risk of flight, it must establish by a preponderance of the evidence that no conditions will reasonably assure his appearance in court. *Id.* at 765.

However, it is important to note that the Bail Reform Act does not authorize detention in all cases, only if:

   1. The case involves a "crime of violence" for which a maximum term of  **\*966**  imprisonment of ten years or more is prescribed, § 3142(f)(1)(A);

   2. The case involves an offense for which the maximum sentence is life imprisonment or death, § 3142(f)(1)(B);

   3. The case involves an offense with a maximum sentence of ten years or more under the Controlled Substances Act, § 3142(f)(1)(C);

   4. The defendant is charged with a felony and has two or more prior convictions for any of the offenses described in the 3 categories above, § 3142(f)(1)(D);

   5. The case involves a felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device, or any other dangerous weapon, or involves a failure to register as a sex offender, § 3142(f)(1)(E);

   6. There is a serious risk that the defendant will flee (in any type of case), § 3142(f)(2)(A); or

   7. There is a serious risk that a defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror (again, in any type of case), § 3142(f)(2)(B).

Unless the case falls within one of the above categories in § 3142(f), the court may not detain the defendant. *E.g., United States v. Byrd,* 969 F.2d 106, 110 (5th Cir.1992) (citing *United States v. Ploof,* 851 F.2d 7, 11 (1st Cir.1988); *United States v. Himler,* 797 F.2d 156, 160 (3rd Cir.1986)) (holding that the Act limits "detention to cases that involve one of the six circumstances

listed in (f)"); *United States v. Friedman,* 837 F.2d 48, 49 (2d Cir.1988) (holding that "the Bail Reform Act does not permit detention on the basis of dangerousness in the absence of risk of flight, obstruction of justice or an indictment for the offenses enumerated" in § 3142(f)(1)); *United States v. DeBeir,* 16 F.Supp.2d 592, 593 (D.Md.1998) (stating that "a finding that one of the six conditions is met is a prerequisite to detention"); *United States v. Sloan,* 820 F.Supp. 1133, 1135 (S.D.Ind.1993) ("The Bail Reform Act of 1984 ... makes pretrial detention available in six circumstances[.]").[5] Thus, a showing of danger to the community alone, in a case not falling within one of these specific circumstances, does not justify detention under the Act. *Byrd,* 969 F.2d at 110; *see also United States v. Salerno,* 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (noting that the Bail Reform Act limits detention based on danger to cases involving crimes of violence, offenses for which the maximum sentence is life imprisonment or death, serious drug offenses and certain repeat offenders).

The Bail Reform Act could be clearer on this issue. Section 3142(f) specifies when the court shall hold a detention *hearing* "to determine whether any condition or combination of conditions ... will reasonably assure the appearance of such person as required and the safety of any other person and the community," but does not, on its face, limit *detention* to such situations. Further, § 3142(e) provides that the court should detain the defendant if it "finds that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of any other **\*967** person and the community," without expressly limiting the types of cases in which such detention may be ordered. However, the confusion disappears when one focuses on the language in § 3142(e) specifying that detention may be ordered only "after a hearing pursuant to the provisions of subsection (f) of this section." Thus, because the court may not order detention under § 3142(e) unless it conducts a hearing under § 3142(f), and § 3142(f) limits the cases in which such hearings may be held, it follows that the court may not order detention unless one of the circumstances in § 3142(f) exists. *See Himler,* 797 F.2d at 160.

The legislative history of the Bail Reform Act supports this construction. The Senate Report states that " 'the requisite circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial.' " *Id.* (quoting S.Rep. No. 225). The Report further suggests that "the drafters aimed toward a narrowly-drafted statute with the pretrial detention provision addressed to the danger from 'a small but identifiable group of particularly dangerous defendants.' " *Id.* (quoting S.Rep. No. 225); *see also Salerno,* 481 U.S. at 747, 107 S.Ct. 2095 (noting that Congress was concerned about "the most serious of crimes"). Finally, because § 3142(f) authorizes a form of "preventive detention," *Ploof,* 851 F.2d at 11, our constitutional tradition counsels in favor of a narrow construction. As the Court explained in upholding the Act in *Salerno:*

> In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. We hold that the provisions for pretrial detention in the Bail Reform Act of 1984 fall within that carefully limited exception. The Act authorizes the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community which no condition of release can dispel.

481 U.S. at 755, 107 S.Ct. 2095.

Nevertheless, one court has suggested, in a thoughtful opinion, that § 3142(f) should be read to limit only when a detention hearing may be held, not the bases for detention. Accordingly, the court held that it could detain the defendant as a danger even though it convened the detention hearing under § 3142(f)(2)(A)-the flight risk category-and even though the case did not otherwise fall within one of the categories in § 3142(f)(1). *United States v. Holmes,* 438 F.Supp.2d 1340, 1348-50 (S.D.Fla.2005);[6] *see also United States v. Montoya,* 486 F.Supp.2d 996, 1004-05 (D.Ariz.2007) (citing *Holmes* on this issue but ultimately declining to detain the defendant as a danger).[7] While I agree that the initial basis for the detention hearing cited by the government should not forbid the court from later exploring other bases for detention, the *Holmes* court's conclusion that it could then detain as a danger a defendant not falling within § 3142(f)(1) seems at odds with Congress's language and with the Supreme Court's narrow interpretation of the **\*968** Act. *See Salerno,* 481 U.S. at 747, 107 S.Ct. 2095 ("The Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes."). Further, it appears that no court of appeals has adopted this position.

The *Holmes* court's notion of distinguishing the basis for the detention hearing and the grounds for a detention order does have some support in the circuits. *See United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir.1991) (holding that the defendant could be detained as dangerous despite the lack of a nexus between the offense charged and the danger he posed); *see also United States v. Quartermaine,* 913 F.2d 910, 917 (11th Cir.1990) (accepting as evidence of danger acts of domestic violence committed by an alleged drug offender). These cases provide that the court may, under § 3142(g)(4), consider the danger presented to any person or the community by the defendant, even if such danger is unrelated to the circumstances giving rise to the detention hearing under § 3142(f)(1). However, in both *Rodriguez* and *Quartermaine,* the defendant was charged with a § 3142(f)(1) offense and thus subject to detention under that provision. Further, *Salerno* supports the notion that Congress intended to limit detention based on danger to cases where there is probable cause to believe that the defendant committed a particularly serious crime:

> The Act operates only on individuals who have been arrested for a specific category of extremely serious offenses. 18 U.S.C. § 3142(f). Congress specifically found that these individuals are far more likely to be responsible for dangerous acts in the community after arrest. *See* S.Rep. No. 98-225, at 6-7.

*Salerno,* 481 U.S. at 750, 107 S.Ct. 2095. Thus, I conclude that detention as a danger is permitted only in cases covered by § 3142(f)(1).


## IV. ANALYSIS OF PRESENT CASE

 [4]   [5]   My resolution of the legal issues discussed above disposes of the government's primary arguments for detention. First, because defendant is not charged with an offense under § 3142(f)(1), he may not be detained as a danger to the community.[8] Second, defendant's status as a deportable alien does not mandate detention. Rather, he must "be treated in accordance with the other provisions of [§ 3142], notwithstanding the applicability of other provisions of law governing release pending ... deportation or exclusion proceedings." § 3142(d). Thus, it would be improper to consider *only* defendant's immigration status, to the exclusion of the § 3142(g) factors, as the government suggests.

 [6]   This leaves risk of flight, which I must consider under § 3142(f)(2) in all cases. As noted above, defendant's immigration status is relevant to this determination. However, under the particular facts of this case, I conclude that the government has not demonstrated that no  **\*969**  conditions can reasonably assure defendant's appearance.

First, defendant has strong family and community ties. He has, when out of custody, resided in the Milwaukee area for a decade. He has also been married for more than ten years and has five young children. Indeed, it appears that he returned to the United States after being deported in order to be with his family. These ties provide some assurance that if released to live with his family, defendant will not flee. Further, defendant's wife and children are citizens and seem unlikely to accompany defendant if he chose to flee. It also seems unlikely that defendant would be inclined to flee to Mexico or California, where other family members live. According to the bond study prepared by pre-trial services, defendant last saw his parents, who reside in California, over ten years ago, and he does not have contact with his siblings, most of whom reside in Mexico.

Second, the magistrate judge imposed strict conditions, including home confinement on electronic monitoring. Courts have recognized that electronic monitoring is an effective means of deterring flight. *See, e.g., United States v. O'Brien,* 895 F.2d 810, 815-16 (1st Cir.1990); *United States v. Demmler,* 523 F.Supp.2d 677, 684 (S.D.Ohio 2007); *Hammond,* 204 F.Supp.2d at 1165. The magistrate judge also required a substantial monetary bond to be posted/pledged by defendant's wife. Defendant's family will suffer a substantial financial loss if he were to flee and forfeit bond.

Third, nothing in the circumstances of the offense suggests a risk of flight. Indeed, it appears that defendant may have broken the law in order to return to his family, the same remedy he seeks in his bail request. The evidence against defendant appears to be strong, and if convicted he likely faces a significant prison sentence followed by deportation. These circumstances may create some incentive to flee, but under all the circumstances, I cannot conclude that they outweigh the factors favoring release.

The government does note some circumstances suggesting caution, including defendant's limited employment history, drug use and prior record. However, none of these circumstances convince me that he is likely to flee. Ultimately, § 3142 "does not seek ironclad guarantees, and the requirement that the conditions of release 'reasonably assure' a defendant's appearance cannot be read to require guarantees against flight." *United States v. Chen,* 820 F.Supp. 1205, 1208 (N.D.Cal.1992) (citing *Portes,* 786 F.2d at 764 n. 7). I find that the conditions set by the magistrate judge in this case are sufficient.

## V. CONCLUSION

**THEREFORE, IT IS ORDERED** that the government's motion for review and revocation of the release order is **DENIED.**

## All Citations

536 F.Supp.2d 962

## Footnotes

1   Defendant has completed the confinement portion of his state sentence. However, he remains in custody on the present charge.

2   Defendant essentially consented to the order, as he had nothing to proffer at the time. (R. 4.)

3   Nothing in this order precludes ICE from taking defendant into custody and thereby preventing his release. I further understand that 8 U.S.C. § 1231(a)(4) directs ICE to remove defendant and that the "possibility of ... further imprisonment is not a reason to defer removal." However, Congress's directive to the executive in 8 U.S.C. § 1231(a) does not authorize me to disregard its directive to the courts in 18 U.S.C. § 3142(d). See *Adomako,* 150 F.Supp.2d at 1307 (stating that Congress expressly instructed courts "to disregard the laws governing release in INS deportation proceedings when it determines the propriety of release or detention of a deportable alien pending trial"). Put another way, it is not the job of the judicial branch to carry out the executive branch's obligations. Finally, I do not suggest that courts should not consider a defendant's immigration status in evaluating whether he is a flight risk. See *id.* ("An alien's INS history (to the extent that the government chooses to present it in support of its motion for detention) is, however, a factor that this Court weighs heavily in the risk of flight analysis under 18 U.S.C. § 3142(g)(3)."); *see also United States v. Neves,* 11 Fed.Appx. 6, 8 (1st Cir.2001) (noting that the existence of a deportation order is relevant to the issue of flight). However, for the reasons stated later in this decision, I find that defendant's immigration status does not make him a flight risk in this case.

4   The presumption also arises in the case of defendants accused of certain serious offenses who have been convicted of a serious offense while on pre-trial release within the past five years. Recently, Congress also added a presumption in certain cases involving alleged terrorism and minor victims. 18 U.S.C. § 3142(e).

5   At the time of the decisions in *Byrd, DeBeir* and *Sloan*, § 3142(f) identified six situations permitting detention. Congress recently added a seventh-number 5 on my list above-as part of the Adam Walsh Child Protection and Safety Act. See *United States v. Lemoine,* 450 F.Supp.2d 99, 100 n. 3 (D.Me.2006). The Walsh Act further required certain conditions, including electronic monitoring, in any release order in a case involving a minor victim. 18 U.S.C. § 3142(c)(1).

6   The *Holmes* court ended up detaining the defendant as a flight risk *and* a danger. *Id.* at 1354.

7   As *Montoya* discusses (and § 3142(f) provides), a court may order detention "in a case that involves" a crime of violence or the other circumstances in sub. (f)(1). Thus, it could be argued that the offense charged need not be a crime of violence under a categorical approach, only that the charged acts "involve" a crime of violence. 486 F.Supp.2d at 1004-05. I need not address this issue because there is no evidence that the present case involves a crime of violence.

8   In any event, the government presents insufficient evidence of such danger. It notes defendant's prior convictions for assault with a deadly weapon and delivery of cocaine. However, the assault conviction occurred in 1993, when defendant was just twenty-two years old, and there is no indication that defendant has engaged in any violent conduct since then. Further, in the 2004 drug case, the judge initially placed defendant on probation. State authorities revoked defendant's probation only after he was deported and returned to the United States illegally to be with his wife and children. There is no indication that defendant engaged in new criminal conduct upon his return (other than being present). Therefore, the government has not shown by clear and convincing evidence that defendant presents a danger.

---

**End of Document**                                         © 2021 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT B

2014 WL 3375028
Only the Westlaw citation is currently available.
United States District Court, C.D. Illinois,
Peoria Division.

UNITED STATES of America, Plaintiff,

v.

Terry MORGAN, Defendant.

No. 14cr10043
|
Signed July 9, 2014

**Attorneys and Law Firms**

Bradley W. Murphy, U.S. Atty., Peoria, IL, for Plaintiff.

Luke P. Taylor, Luke P. Taylor Attorney at Law, Pekin, IL, for Defendant.

**Order and Opinion**

Jonathan E. Hawley, U.S. MAGISTRATE JUDGE

**I**

 **\*1** A Grand Jury sitting in the Central District of Illinois returned an Indictment against the Defendant, Terry Morgan, charging him with conspiracy to commit the offense of access device fraud in violation of 18 U.S.C. § 1029(b)(2) (Count 1) and access device fraud in violation of 18 U.S.C. § 1029(a)(3) (Count 2). (D.1). On June 30, 2014, the Defendant made his initial appearance before the Court, at which time the Government moved for detention. A detention hearing was continued on motion of the Government until July 3, 2014, and this Court entered a Temporary Order of Detention pending that hearing. (D.10).

At the hearing on July 3, 2014, defense counsel moved to continue the hearing again in order to further investigate the potential for finding a thirdparty custodian. The Court, *sua sponte,* raised the question of whether, in light of 18 U.S.C. § 3142(f)(1) & (f)(2), the Court is prohibited from detaining the Defendant unless it makes a finding that either one of the enumerated factors in subparagraph (f)(1) is present or the Defendant presents: (1) a serious risk of flight; or (2) a serious risk of obstructing or attempting to obstruct justice, or threatening, injuring, or intimidating, or attempting to threaten, injure, or intimidate, a prospective witness or juror under subparagraph (f)(2). 18 U.S.C. § 3142(f). The Government asked for an opportunity to brief this issue, and this Court granted the request, giving the parties until July 8, 2014 to file a pleading addressing the Court's question. Those pleadings having been filed (D. 13; D. 14), and, after considering the pleadings and conducting a detention hearing on July 9, 2014, the Court finds that, none of the conditions set forth in 18 U.S.C. § 3142(f)(1) or (f)(2) being satisfied in this case, the Court may not as a matter of law detain the Defendant. Accordingly, the Court ORDERS the Defendant's RELEASE WITH CONDITIONS as set forth herein.

**II**

As already noted, the Indictment charges the Defendant with conspiracy to commit the offense of access device fraud in violation of 18 U.S.C. § 1029(b)(2) (Count 1) and access device fraud in violation of 18 U.S.C. § 1029(a)(3) (Count 2). (D.1). The statutory maximum term of imprisonment for the substantive offense is 10 years' imprisonment. 18 U.S.C. § 1029(a)(3). The statutory maximum term of imprisonment for the conspiracy offense is one-half the maximum imprisonment term for the substantive offense, *i.e.,* 5 years' imprisonment. 18 U.S.C. § 1029(b)(2).

The Pretrial Services Report (PTS) recommended the Defendant be detained because the Defendant poses a "risk of nonappearance" for the following reasons: "1. Criminal History Including Record of Failure to Appear; 2. Pretrial, Probation, Parole, or Supervised Release Status and Compliance; and 3. Criminal History." PTS at p. 6. The Report also recommend detention because the Defendant "poses a risk of danger" for the following reasons: "1. Prior Arrests and Convictions; 2. Violent Behavior History; 3. Pattern of Similar Criminal Activity History; and 4. Criminal History." Id. The Government relied upon these recommendations in requesting detention of the Defendant.

## III

### A

**\*2**  The Bail Reform Act of 1984(Act) contains a tangle of sections which in some instances are seemingly contradictory and in other places seemingly repetitive. One question that has arisen among the courts is whether a judicial officer is *prohibited* as a matter of law from detaining a defendant unless one of the conditions set forth in § 3142(f) is first met. See *United States v. Himler,* 797 F.2d 156 (3d Cir1986). A related question is whether and under what circumstances a defendant's "dangerousness" can be considered for purposes of detention when no § 3142(f)(1) factor is present.

Although the Seventh Circuit has never weighed in on these questions, every Circuit which has done so has held that § 3142(f) "authorize[s] detention only upon proof of likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute." *United States v. Himler,* 797 F.2d 156, 160 (3d Cir1986), see also *United States v. Twine,* 344 F3d 987 (9th Cir2003)(agreeing with the *Himler* opinion); *United States v. Singleton,* 182 F3d 7, 9 (DC Cir1999)(absent one of the § 3142(f) factors being present, "detention is not an option"); *United States v. Byrd,* 969 F.2d 106 (5th Cir1992); *United States v. Friedman,* 837 F.2d 48 (2d Cir1988); *United States v. Ploof,* 851 F.2d 7 (1st Cir1988). Additionally, where none of the factors set forth in § 3142(f)(1) are present, these same courts have held that "dangerousness" is only relevant for purposes of choosing which, if any, conditions accompanying an order of release are necessary to ensure the appearance of the defendant or the safety of the community. See, for example, *Ploof,* 851 F.2d at 9.

The relevant portion of the Bail Reform Act provides:

**(f) Detention hearing.**—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—

**(1)** upon motion of the attorney for the Government, in a case that involves—

**(A)** a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

**(B)** an offense for which the maximum sentence is life imprisonment or death;

**(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

Case 2:21-cr-00292-MCS   Document 47   Filed 09/13/21   Page 17 of 21   Page ID #:219

United States v. Morgan, Not Reported in Fed. Supp. (2014)

**(D)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

**(E)** any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or

**(2)** Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves—

**(A)** a serious risk that such person will flee; or

**(B)** a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

**\*3** 18 U.S.C.A. § 3142(f)(1) & (f)(2).

The Third Circuit in *Himler* considered the application of § 3142(f) in a case where the defendant was charged by complaint with production of a false identification document. The district judge found that, based upon a number of factors, the defendant's release on conditions would not assure the safety of the community, but the district judge made no finding regarding risk of flight. 797 F.2d at 158. The defendant appealed, arguing that the Act did not authorize his detention based on a finding of a danger to the community. Id. The Third Circuit agreed. Specifically, the court noted that "[t]he legislative history of the Bail Reform Act of 1984 makes clear that to minimize the possibility of constitutional challenge, the drafters aimed toward a narrowly-drafted statute with the pretrial detention provision addressed to danger from 'a small but identifiable group of particularly dangerous defendants.' " *Himler,* 797 F.2d at 160, quoting SRep No 225, 98th Cong, 2d Sess 6–7 (1983), U.S.Code Cong & Admin News 1984, pp. 3182, 3189. "[T]he requisite circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial." Id. Because the defendant's case in *Himler* did not involve any offenses specified in subparagraph (f)(1) and no claim had been made that he would attempt to obstruct justice or intimidate a witness or juror, the court held that:

[T]he statute does not authorize the detention of the defendant based on danger to the community from the likelihood that he will if released commit another offense involving false identification. Any danger which he may present to the community may be considered only in setting conditions of release. He may be detained only if the record supports a finding that he presents a serious flight risk.

*Himler,* 797 F.2d at 160.

The Second Circuit reached a similar conclusion in *United States v. Friedman,* 837 F.2d 48 (2d Cir1998). In *Friedman,* the defendant was charged with three counts of sending and receiving child pornography. Id at 48. At the time of his prosecution, paragraph (E) which now applies to child pornography offenses was not in 18 U.S.C. § 3142(f)(1), that subsection being added in 2006 by Pub L 109–248, Title II, § 216, July 27, 2006, 120 Stat 617 (Adam Walsh Act). The district judge detained the defendant based upon "the evidence of Friedman's sexual abuse of children, his collection of pornography, the seriousness of his federal charges and the erosion of support for him in the community." *Friedman,* 837 F.2d 48 (2d Cir1988). The court of appeals held that "the Bail Reform Act does not permit detention on the basis of dangerousness in the absence of risk of flight, obstruction of justice or an indictment for the offenses enumerated above [referring to 18 U.S.C. § 3142(f)(1) ]." Id at 49. The government conceded that the defendant was not charged with any of the offenses enumerated in § 3142(f)(1) and the district court's detention based upon dangerousness was erroneous. Id. Instead, the Government argued that the defendant should be detained as a serious flight risk under § 3142(f)(2)(A). The court of appeals rejected this argument as well, noting the defendant was a life-long resident of New York, had no prior criminal record, had no passport, and took no steps to leave the jurisdiction after agents executed a warrant at his home. Id at 50.[1]

Case 2:21-cr-00292-MCS Document 47 Filed 09/13/21 Page 18 of 21 Page ID #:220

United States v. Morgan, Not Reported in Fed. Supp. (2014)

**\*4** Similarly, in *United States v. Ploof,* 851 F.2d 7 (1st Cir 1988), the First Circuit held that "§ 3142(f) does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the following instances," the court then setting forth the instances enumerated in paragraphs (f)(1) and (f)(2). Id at 10. The court found that "the structure of the statute and its legislative history make clear that Congress did not intend to authorize preventative detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists." Id at 11. It went on to note that "[t]o conclude otherwise would be to ignore the statement in the legislative history that the 'circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial' ... and to authorize detention in a broad range of circumstances that we do not believe Congress envisioned." Id, quoting S Rep No 225, 98th Cong, 2d Sess, 20, reprinted in 1984 U.S.Code & Admin News, pp. 3182, 3203.

Finally, the Fifth Circuit in *United States v. Byrd,* 969 F.2d 106 (1992) came to the same conclusion as the other circuits, holding:

A hearing can be held only if one of the six circumstances[2] listed in (f)(1) and (2) is present; detention can be ordered only after a hearing is held pursuant to § 3142(f). Detention can be ordered, therefore, only "in a case that involves" one of the six circumstances listed in (f), and in which the judicial officer finds, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. The First and the Third Circuits have both interpreted the Act to limit detention to cases that involve one of the six circumstances listed in (f). *See Ploof,* 851 F.2d at 11; *United States v. Himler,* 797 F.2d 156, 160 (3rd Cir.1986). Both Circuits held that a person's threat to the safety of any other person or the community, in the absence of one of the six specified circumstances, could not justify detention under the Act. There can be no doubt that this Act clearly favors nondetention. It is not surprising that detention can be ordered only after a hearing; due process requires as much. What may be surprising is the conclusion that even after a hearing, detention can be ordered only in certain designated and limited circumstances, irrespective of whether the defendant's release may jeopardize public safety. Nevertheless, we find ourselves in agreement with the First and Third Circuits: a defendant's threat to the safety of other persons or to the community, standing alone, will not justify pre-trial detention.

969 F2d at 109–10.

## B

As already noted, although the Seventh Circuit has never specifically addressed the issues considered by the courts in *Himler, Friedman, Ploof, Byrd, Singleton,* and *Twine,* this Court finds the reasoning and conclusions in those cases persuasive, as other district courts in the Seventh Circuit have found as well. See, for example, *United States v. Chavez–Rivas,* 536 FSupp 962 (ED Wis 2008); *United States v. Parhams, Jr,* 2013 WL 683494 (ND Ind); *United States v. Sweet,* 1987 WL 15384 (ND Ill).

Therefore, reading the Act in conjunction with the cases cited above, the Court concludes as follows. First, the Act requires the judicial officer to order pretrial release on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If such unconditional release will not reasonably assure appearance or will endanger safety, then the judicial officer must consider a number of conditions to accompany the release order. 18 U.S.C. § 3142(c). Only if, after a hearing pursuant to § 3142(f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, shall the judicial officer order detention. 18 U.S.C. § 3142(e). Critically, however, § 3142(f) specifies certain conditions under which a detention hearing shall be held, and the grounds set out in that section limit a dangerousness finding to instances of the kind listed therein. If none of the enumerated circumstances set forth at 18 U.S.C. § 3142(f)(1)(A) – (E) apply, then the Defendant may only be detained under 18 U.S.C. § 3142(f)(2)(A) – (B). That section allows detention only upon a finding of: "(A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." Id. If none of the factors in either § 3142(f)(1) or (f)(2) are met, then the defendant may not be detained. The

Case 2:21-cr-00292-MCS  Document 47  Filed 09/13/21  Page 19 of 21  Page ID #:221

United States v. Morgan, Not Reported in Fed. Supp. (2014)

question then becomes what, if any, conditions or combination of conditions should accompany the release order such that they are the "least restrictive" conditions necessary to ensure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(g), see also *Ploof,* 851 F.2d at 9.

## III

### A

**\*5** Applying these principles to the present case, the offenses charged do not fall within any of the enumerated categories in § 3142(f)(1). Neither the conspiracy nor the substantive access device fraud offenses are crimes of violence, offenses with a statutory maximum of life imprisonment or death, drug offenses with a maximum term of imprisonment of 10 years or more, or offenses involving a firearm or minor victims. 18 U.S.C. § 3142(f)(1)(A)-(C) & (E).

The PTS Report also does not demonstrate that the Defendant "has been convicted" of two or more offenses described in subparagraphs (A) through (C), or their state law equivalent. 18 U.S.C. § 3142(f)(1)(D). The Defendant has four prior convictions in the State of Illinois. His January 1, 2001 convictions for various financial offenses could only be enumerated offenses if they carried maximum imprisonment terms of life or a sentence of death—penalties which those offenses obviously do not carry. His remaining three convictions are simple possession offenses—two for cannabis and one for more than 15 grams of cocaine. The federal equivalent of these offenses, a violation of 21 U.S.C. § 844(a), provides *at most,* and assuming the applicability of the enhanced recidivist penalties, a maximum of 3 years' imprisonment. Likewise, for cannabis possession offenses in Illinois, a defendant would have to possess in excess of 2,000 grams of cannabis before being subject to a statutory maximum of at least 10 years' imprisonment. See 720 ILCS 550/5(a)-(g); 730 ILCS 5/5–4.5–30. Given that the Defendant served no time in jail on either cannabis conviction, it is safe to assume his offenses did not involve such a large quantity of cannabis. The Defendant's only remaining conviction is for possession of more than 15 grams of cocaine. Even assuming that this offense fell within an offense enumerated at 18 U.S.C. § 3142(f)(1)(D), the Defendant would still have only one prior conviction fitting that definition. Given that subparagraph (D) requires *two* such convictions, subparagraph (D) is inapplicable to this case as well.

### B

Having found that none of the enumerated circumstances set forth in § 3142(f)(1) are applicable in this case, the Defendant may only be detained upon a finding of a serious risk of flight or an obstruction of justice risk as set forth in § 3142(f)(2)(A) & (B). No such findings can be made on the facts before the Court.

Regarding a serious risk of flight, the facts fail to establish *any* risk of flight. As evinced by the PTS Report,[3] the Defendant has lived at his current address for over seven years and has lived in the same community for his entire life. His mother and siblings also all live relatively close to his residence, as do his children and their mothers. The testimony of the Defendant's sister at the hearing confirmed the information contained in the PTS Report. Additionally, nothing in his criminal history suggests that he ever failed to appear for a court hearing, failed to surrender to serve a sentence, or violated any conditions of bond or parole. In short, there are no facts in this record to support a finding of risk of flight, serious or otherwise.

**\*6** Regarding a risk of obstruction of justice related to a witness or juror, again, no facts in the PTS Report or presented by the Government give any suggestion that such risk is present. Indeed, the record is entirely devoid of any facts even hinting at such a risk.

Case 2:21-cr-00292-MCS  Document 47  Filed 09/13/21  Page 20 of 21  Page ID #:222

United States v. Morgan, Not Reported in Fed. Supp. (2014)

Accordingly, having found that none of the factors enumerated in § 3142(f) are present in this case, this Court lacks authority to detain the Defendant. The only question remaining, therefore, is whether the Defendant should be released on personal recognizance, upon the execution of an unsecured appearance bond, or upon conditions. 18 U.S.C. § 3142(b).

**C**

In making this determination, if release on personal recognizance or upon execution of an unsecured appearance bond "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," (18 U.S.C. § 3142(b)), then the judicial officer is directed to consider a number of conditions to be attached to a release order. 18 U.S.C. § 3142(c).

The Court has already found that no risk of flight is presented in this case. However, the Court finds that ensuring the safety of the community does warrant some conditions attached to the Defendant's pre-trial release in this case.

First, although none of the Defendant's prior convictions fall within the offenses enumerated at § 3142(f)(1), the Court cannot ignore that the Defendant has four prior convictions—not an insignificant number. These facts warrant conditions requiring the Defendant to submit to the supervision of the United States Probation Office and a requirement that he report to the Pretrial Services Office any contact he has with law enforcement while on pretrial release.

Second, the Defendant's prior felony convictions should already prohibit him from possessing a firearm. Such a prohibition should also be a condition of his pretrial release.

Third, one group of his prior convictions was for financial crimes similar in nature to the offenses charged in this case. A condition that the Defendant be required to inform any prospective employer of his currently pending charges is therefore warranted to reduce the risk of similar conduct in the future.

Fourth, three of the prior convictions were for possession of controlled substances, indicating some history of drug abuse on the part of the Defendant. A condition prohibiting the possession of narcotic drugs and testing for prohibited substances is therefore warranted.

Fifth, given the conspiracy charge, a condition prohibiting contact with the codefendant or potential witnesses is also appropriate.

The conditions noted above will be set forth in more detail in the 'Order Setting Conditions of Release" on AO Form 199A entered simultaneously with this Order and Opinion, this combination of conditions being the "least restrictive" combination of conditions to ensure the safety of the community.

**IV**

In light of the foregoing, at least for cases where a detention hearing may be held before this U.S. Magistrate Judge, a Pretrial Services Reports that recommends detention of a defendant should in the future identify with specificity which, if any, § 3142(f) factors authorize the Court to detain the Defendant. Likewise, when the Government moves for Detention, it too should identify the § 3142(f) factor or factors on which it bases its motion. If no § 3142(f)(1) factors are identified, then any detention hearing is limited to whether a factor set forth in § 3142(f)(2) is satisfied and, if so, then whether and which "least restrictive" condition or combination of conditions are required, if any, to ensure the appearance of the defendant or the safety of another person or the community.

Case 2:21-cr-00292-MCS   Document 47   Filed 09/13/21   Page 21 of 21   Page ID #:223

United States v. Morgan, Not Reported in Fed. Supp. (2014)

**\*7** So Ordered.

**All Citations**

Not Reported in Fed. Supp., 2014 WL 3375028

Footnotes

1    Although the offenses for which the defendant in *Friedman* was charged are now enumerated in 18 U.S.C. § 3142(f)(1) due to the Adam Walsh Act amendments and, therefore, the outcome of this case might very well be different today, the court's central holding that the Act does not permit detention on the basis of dangerousness in the absence of risk of flight, obstruction of justice or an indictment for the offenses enumerated at 18 U.S.C. § 3142(f)(1) is unaltered by the change made by the Adam Walsh Act.

2    This case predated the Adam Walsh Act amendment, which added subparagraph (E) to § 3142(f)(1). Thus, there are now seven, instead of six, total circumstances set forth in to § 3142(f)(1) & (f)(2).

3    The Government urges the Court to consider the Defendant's arrest record as it relates to an arrest for a bail violation. The Court declines to so do. As held by courts in other contexts, "an arrest record by itself cannot be 'reliable information' that a defendant engaged in prior criminal conduct." *United States v. Terry,* 930 F.2d 542 (7th Cir1991) (in the sentencing context). Arrests listed in a Criminal History Section of a PTS which did not result in a conviction are of little use to the Court. There are simply too many reasons why an arrest may occur but not result in a conviction—very many of those possible reasons having very little to do with any real criminal conduct engaged in by the a defendant. Relying on an arrest record simply involves too much speculation, assumption, and uncertainty.

---

**End of Document**                                      © 2021 Thomson Reuters. No claim to original U.S. Government Works.