```
FILED
CLERK, U.S. DISTRICT COURT

SEP 28 2021

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 21-292-MCS |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S APPLICATION TO RECONSIDER ORDER DENYING PRETRIAL RELEASE |
| v. | ) | |
| SCOTT QUINN BERKETT, | ) | |
| Defendant. | ) | |

I.

This matter is before the court on defendant's application to reconsider the court's June 7, 2021, June 24, 2021, and August 31, 2021 orders denying pretrial release and imposing detention pursuant to 18 U.S.C. § 3142(e) ("Defendant's Application").

The Government ( ) is (x) is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure defendant's appearance as required and the safety of any person or the community.

II.

A.   (x)   The Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of defendant as required;

B.   (x)   The Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

III.

The Court has considered:

A.   (x)   the nature and circumstances of the offense(s) charged;

B.   (x)   the weight of the evidence against defendant;

C.   (x)   the history and characteristics of defendant;

D.   (x)   the nature and seriousness of the danger to any person or the community that would be posed by defendant's release;

E.   (x)   the Pretrial Services Report/Recommendation;

F.   (x)   the evidence proffered/presented at the hearing;

G.   (x)   the oral and written arguments of counsel.

IV.

The Court concludes:

A.   (X)   Defendant poses a risk to the safety of other persons and the community based on: the nature and circumstances of the offense charged and the strong weight of the evidence thereon – This is a murder for hire case in which Defendant is alleged to have

persistently engaged in a sophisticated scheme to have the victim – a woman with whom Defendant had previously had a relationship – killed in a manner that would make it appear that the death was accidental and to require proof of her death in exchange for the payment of bitcoin and funds through Western Union.  He is also alleged to have concealed his involvement by establishing an alibi. Defendant's mental health issues – including his admission that he has multiple personalities, including a violent personality – also indicate that his release would pose a risk to the safety of other persons and the community.  Releasing Defendant so that he could reside at/be confined to his parents' home with one or more of his parents being a third party custodian would not mitigate the danger as Defendant allegedly committed the instant offenses from such location and accordingly successfully concealed his conduct from his parents.

B.   (x)   Defendant poses a serious flight risk based on: evidence that even while detained, he recently attempted to manufacture evidence of his innocence by agreeing to pay a third party $10,000 to fabricate internet messages suggesting that Defendant was framed.  Such evidence, when considered in light of the alleged persistence demonstrated by Defendant in his harassment of the victim prior to the commission of the charged offense and during the commission of the murder for hire scheme, suggest to the Court that there is little Defendant would not do to escape responsibility for

the charged conduct and that fleeing the jurisdiction is among the
things that he would do if released, even if the consequence was his
parents' loss of their home. Defendant's access to significant
financial resources and his foreign travel experience bolster such
conclusion.  In light of Defendant's recent conduct while detained,
the totality of the circumstances lead the Court to further conclude
that releasing Defendant so that he could reside at/be confined to his
parents' home with one or more of his parents being a third party
custodian and limiting/prohibiting Defendant's internet access would
not sufficiently mitigate the risk of flight or give Defendant a
sufficient incentive not to flee or prevent him from fleeing if
released.

      C.    (x)  A serious risk exists that defendant will:

            1.    (x)  obstruct or attempt to obstruct justice;

            2.   ( ) threaten, injure or intimidate a prospective

                    witness or juror or attempt to do so;

based on his above-referenced recently documented scheme to
fabricate evidence of his innocence.

IT IS ORDERED that Defendant's Application is denied and that
defendant be detained prior to trial.

IT IS FURTHER ORDERED that defendant be committed to the custody
of the Attorney General for confinement to a corrections facility
separate, to the extent practicable, from persons awaiting or serving
sentences or persons held in custody pending appeal.

IT IS FURTHER ORDERED that defendant be afforded reasonable
opportunity for private consultation with defendant's counsel.

///

IT IS FURTHER ORDERED that, on Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED: September 28, 2021

HONORABLE JACQUELINE CHOOLJIAN
United States Magistrate Judge