TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JOSEPH D. AXELRAD (Cal. Bar No. 274580)
Assistant United States Attorneys
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6520
     Facsimile: (213) 894-0141
     E-mail:    joseph.axelrad@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00263-AB |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| SCOTT QUINN BERKETT, | |
| Defendant. | **CURRENT TRIAL DATE:** November 16, 2021 |
| | **CURRENT STATUS CONFERENCE DATE:** November 8, 2021 |
| | **[PROPOSED] TRIAL DATE:** March 15, 2022 |
| | **[PROPOSED] STATUS CONFERENCE DATE:** March 7, 2022 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Joseph D. Axelrad, and defendant Scott Quinn BERKETT ("defendant"), both individually

and by and through his counsel of record, Evan Jenness and Blair Berk, hereby stipulate as follows:

1. The Indictment in this case was filed on June 22, 2021. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 24, 2021. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before September 2, 2021.

2. Trial is currently set for November 16, 2021, with a status conference on November 8, 2021, at 3:00 p.m.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three days.

4. By this stipulation, defendant moves to continue the status conference to March 7, 2022, and the trial date to March 15, 2022. This is the second request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violation of 18 U.S.C. § 1958: Use of Interstate Facilities to Commit Murder-For-Hire. The government has produced discovery to the defendant and will continue to produce discovery in accordance with its discovery obligations. Specifically, the government is in the process of reviewing and processing a significant quantity of electronic data from numerous digital devices seized from defendant at the time of his arrest.

   b. According to defense counsel, defense counsel is in the process of assembling defendant's medical and mental health records, and will require additional time to commence and complete the lengthy process of having defendant evaluated by forensic

1  experts.  Defense counsel is also in the process of reviewing the
2  extensive discovery already produced.  Accordingly, counsel
3  represents that they will not have the time that they believe is
4  necessary to prepare to try this case on the current trial date.
5         c.   In light of the foregoing, counsel for defendant
6  represent that additional time is necessary to confer with defendant,
7  conduct and complete an independent investigation of the case,
8  conduct and complete additional legal research including for
9  potential pre-trial motions, review the discovery and potential
10 evidence in the case, and prepare for trial in the event that a
11 pretrial resolution does not occur.  Defense counsel represents that
12 failure to grant the continuance would deny them reasonable time
13 necessary for effective preparation, taking into account the exercise
14 of due diligence.
15        d.   Defendant believes that failure to grant the
16 continuance will deny him continuity of counsel and adequate
17 representation.
18        e.   The government does not object to the continuance.
19        f.   The requested continuance is not based on congestion
20 of the Court's calendar, lack of diligent preparation on the part of
21 the attorney for the government or the defense, or failure on the
22 part of the attorney for the Government to obtain available
23 witnesses.
24   6.   For purposes of computing the date under the Speedy Trial
25 Act by which defendant's trial must commence, the parties agree that
26 the time period of November 16, 2021, to March 15, 2022, inclusive,
27 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
28 (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a

continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 18, 2021        Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*Joe Axelrad*
JOSEPH D. AXELRAD
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

//
//

    I am SCOTT QUINN BERKETT's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 15, 2022 is an informed and voluntary one.

_____  10/19/2021
EVAN JENNESS                     Date
BLAIR BERK
Attorneys for Defendant
SCOTT QUINN BERKETT

    I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 15, 2022.

_Scott Berkett_____   10/19/21
SCOTT QUINN BERKETT              Date
Defendant