```
TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JOSEPH D. AXELRAD (Cal. Bar No. 274580)
Assistant United States Attorneys
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6520
     Facsimile: (213) 894-0141
     E-mail:    joseph.axelrad@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT QUINN BERKETT,<br><br>    Defendant. | No. CR 21-00292-MCS<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:** March 15, 2022<br><br>**CURRENT STATUS CONFERENCE DATE:**    March 7, 2022<br><br>**[PROPOSED] TRIAL DATE:**    June 14, 2022<br><br>**[PROPOSED] STATUS CONFERENCE DATE:**    June 6, 2022 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Joseph D. Axelrad, and defendant Scott Quinn BERKETT ("defendant"), by and through his

counsel of record, Evan Jenness and Blair Berk, hereby stipulate as follows:

1. The Indictment in this case was filed on June 22, 2021. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 24, 2021. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before September 2, 2021.

2. Trial is currently set for March 15, 2022, with a status conference on March 7, 2022.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three days.

4. By this stipulation, defendant moves to continue the status conference to June 6, 2022, and the trial date to June 14, 2022. This is the third request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with a violation of 18 U.S.C. § 1958: Use of Interstate Facilities to Commit Murder-For-Hire. The government has produced discovery to the defendant and will continue to produce discovery in accordance with its discovery obligations. Specifically, the government is in the process of reviewing and processing a significant quantity of electronic data from numerous digital devices seized from defendant at the time of his arrest.

    b. According to defense counsel, defense counsel is in the process of assembling defendant's medical and mental health records, and will require additional time to commence and complete the lengthy process of having defendant evaluated by forensic

experts. Defense counsel is also in the process of reviewing the extensive discovery already produced. In particular, on December 22, 2022, the government produced numerous terabytes of data to defendant that correspond to many of the digital devices seized from defendant's home during the execution of a federal search warrant in this case. The government is in the process of reproducing these terabytes of data in a more accessible format to defendant. Accordingly, counsel represents that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

6. Defendant also requests the continuance based upon the following facts related to the COVID-19 pandemic, which the parties also believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. In March 2020, the Central District of California suspended jury trials and adopted many other restrictions to reduce exposure to the COVID-19 virus and slow its spread. Criminal jury trials resumed in 2021 after the Court promulgated safety protocols and restricted the number of jury trials that could proceed simultaneously.

    b. However, on January 3, 2022, following the alarming spread of the Omicron variant, the Chief Judge ordered a three-week suspension of all jury trials to commence immediately and remain in effect through and including January 24, 2022. C.D. Cal. Order of the Chief Judge No. 22-001 (Jan. 3, 2022). The Chief Judge's Order found that the CDC "expects a surge of COVID-19 cases in the coming days to weeks," "the Omicron variant is likely more transmissible than the original virus," "breakthrough infections in people who are

fully vaccinated are likely to occur," and "there has recently been an increase of suspected and confirmed COVID-19 cases within the courthouses of the Central District of California." Id. at 1-2. The Chief Judge further found that "conducting jury trials would place court personnel, attorneys, parties, and prospective jurors at undue risk" and that "a temporary suspension of jury trials is necessary to protect public health and safety, as well as ensure the continuous performance of essential functions and operations of the Court." Id. at 2. On January 19, 2022, the Chief Judge continued the suspension of jury trials until February 28, 2022.

      c. The Metropolitan Detention Center in Los Angeles, at which defendant is currently housed, is currently subject to various quarantines given the recent spike in COVID-19 infections. Moreover, because of COVID, the Metropolitan Detention Center is on lockdown, which precludes legal visits, and defense counsel has not yet received a legal call that was requested on January 7, 2022.

      d. Based on continued public health concerns and jury-trial restrictions that have been adopted to maintain social distancing and protect all trial participants, a continuance of the trial date in this matter will serve the ends of justice and outweigh the interests of the public and defendant in a speedy trial. The parties stipulate to that fact, and it is consistent with the Central District's findings and orders. The parties further stipulate that under the extraordinary circumstances of the COVID-19 pandemic, the requested continuance is not based on general congestion of the Court's calendar, lack of diligent preparation by counsel, or any failure on the part of the government to obtain available witnesses. The government does not object to the request for a continuance.

4

  e. In light of the foregoing, counsel for defendant represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  f. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  g. The government does not object to the continuance.

  h. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 15, 2022, to June 14, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure

to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 21, 2022          Respectfully submitted,

                                 TRACY L. WILKISON
                                 United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 */s/ Joseph Axelrad*
                                 JOSEPH D. AXELRAD
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

//
//

I am SCOTT QUINN BERKETT's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 14, 2022 is an informed and voluntary one.

_____        1/18/2022
EVAN JENNESS                     Date
BLAIR BERK
Attorneys for Defendant
SCOTT QUINN BERKETT

7