SCOTT QUINN BERKETT (# 01209506)
1299 Seaside Ave.
San Pedro, CA 90731

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA



| UNITED STATES OF AMERICA, | ) | No. 2:21-cr-00292-MCS |
| Plaintiff, | ) | |
| | ) | MOTION FOR SENTENCE REDUCTION; |
| v. | ) | EXPEDITED CONSIDERATION REQUEST |
| | ) | |
| SCOTT QUINN BERKETT, | ) | Date/Time: TBD |
| Defendant. | ) | Hon. Mark C. Scarsi, Presiding |
| | ) | |

COMES NOW, Defendant SCOTT QUINN BERKETT, and files Defendant's Motion for Sentence Reduction and Expedited Consideration Request pursuant to 18 U.S.C. 3582(c)(2), in accordance with Amendment 821 to the United States Sentencing Guidelines ("USSG"), Secs. 1B1.10(b)(1) and 4C1.1 to the USSG.

I.   BACKGROUND

1.1   Defendant pleaded guilty to one count of Use of Interstate Facilities in Attempted Murder-for-hire in the above-numbered cause and, on September 12, 2021, was sentenced to 60 months in the custody of the United States Bureau of Prisons ("BOP"), followed by 3 years of supervised release.

1.2   Defendant's risk of recidivism is low and he has served approximately 30 months of the 60 month sentence. Defendant qualifies for 9 months of good time credit and 20 days of First Step Act ("FSA") time credit per 30 days served in custody. Defendant anticipates serving 6 months of his sentence in home confinement and estimates his home confinement date on or around March 12, 2024.

1.3   Defendant now files the instant motion to reduce his sentence due to the retroactively applicable Amendment 821, which took effect on November 1, 2023 and mandates a lower Guidelines range for zero-point offenders like Defendant.

1.4   Had Defendant been sentence on or after November 1, 2023, Defendant's offense level would be lowered by 2 levels and he would have qualified for probation in lieu of imprisonment pursuant to Sec. 5B1.1.

1.5   Accordingly, Defendant moves this honorable Court to reduce his sentence to a term of probation not to exceed three years and to credit his time-served for intermittent confinement under Sec. 5B1.3(e)(6).

II.   LEGAL STANDARD

2.1   "A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" Dillon v. United States, 560 U.S. 817, 819, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (quoting Sec. 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered by the Sentencing Commission."). Effective November 1, 2023, the Commission promulgated Amendment 821, which creates a new sentencing category for zero-point offenders, Sec. 4C1.1. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. See Amendment 821.

2.2   Determining whether a sentence reduction is appropriate under Sec. 3582(c)(2) "requires a two-step inquiry." Dunn, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG Sec. 1B1.10." Id. That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses and certain offenders. See USSG Sec. 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG Sec. 1B1.10(b)(1).

2.3   If the answer to step one is that the defendant is eligible, the district court turns to step two of the inquiry, where the court "must consider any applicable Sec. 3553(a) factors and determine whether . . . the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dunn, 728 F.3d at 1155 (internal quotation marks and citation omitted). The Sec. 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." Id at 1158 (internal quotation marks and citation omitted).

### III.   ARGUMENT

3.1   The initial inquiry is whether Defendant is eligible for a sentence reduction. Amendment 821 to the Sentencing Guidelines reduced by two levels the offense level applicable to zero-point offenders with Defendant's conviction. Pursuant to the Ninth Circuit's decision in United States v. Davis, 825 F.3d 1014 (9th Cir. 2016), Defendant is eligible for a reduction under 3582(c)(2) 825 F.3d at 1026. Defendant is now eligible to have his offense level re-calculated. With a two level reduction of offense level, criminal history category 0/I, the Guidelines range applicable to Defendant is reduced substantially such that Defendant has served in excess of his lawful sentence. On information and belief, Defendant's offense level and criminal history category falls within Zone A or B of the Sentencing Table. Defendant now qualifies for imposition of a one-year term of probation in lieu of imprisonment under Sec. 5B1.1.

3.2   Turning now to the second step of the inquiry, the Court must reconsider whether a reduction under Sec. 3582 is appropriate given the facts of this case. Defendant argues that he should be re-sentenced to a term of probation not to exceed three years and be credited for time-served in intermittent confinement at MDC Los Angeles and FCI Terminal Island under Sec. 5B1.3(e)(6). While incarcerated, Defendant has maintained a clean discipline record and has worked at UniCor for at least 500 hours.

3.3   In light of Defendant's excellent behavior while in custody, and the original PSR which details Defendant's lack of criminal history, strong family support locally, and lack of threat to public safety, this Court should reduce his sentence to a term of probation within one to three years of duration with credit for time-served while in intermittent custody.

### IV.   EXPEDITED CONSIDERATION NOTICE

4.1   Defendant provides notice that a supplement to this motion may be filed by counsel if the Public Defender's Office elects to do so. Defendant requests that, in the interests of justice, he be appointed counsel to represent him in the instant case.

4.2   Defendant respectfully requests this honorable Court considers his claims on an expedited basis in the interests of justice and under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5192 (2018).

### V.   CONCLUSION

5.1   Wherefore, Defendant requests that this motion to reduce his sentence be granted pursuant to 18 U.S.C. Sec. 3582(c)(2), that this motion be considered on an expedited basis, that he be appointed Counsel, and that he be resentenced to a one to three-year term of probation with credit for time-served while in intermittent custody, and a $100 penalty assesment.

### VI.   CERTIFICATE OF SERVICE

6.1   I certify that on November 21, 2023, I served a copy of the foregoing on the Federal Public Defenders Office in Los Angeles, California and on opposing counsel via USPS First Class mail. I also provided a copy of the foregoing via e-mail as a courtesy.

_____/s/ Scott Quinn Berkett_____ (by permission)
SCOTT QUINN BERKETT

Date: November 21, 2023

Respectfully submitted,

_____/s/ Scott Quinn Berkett_____ (by permission)



