UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00292-MCS-1 |
|---|---|
| Plaintiff, | **ORDER RE: MOTION FOR SENTENCE REDUCTION (ECF NO. 83)** |
| v. | |
| SCOTT QUINN BERKETT, | |
| Defendant. | |

1

|   |   |
|---|---|
| 1 | Defendant Scott Quinn Berkett solicited and paid for murder-for-hire services on |
| 2 | the Dark Web to have his ex-girlfriend killed. (Plea Agreement § 9, ECF No. 57.) He |
| 3 | pleaded guilty to a violation of 18 U.S.C. § 1958. (Mins., ECF No. 62.) The Court |
| 4 | sentenced him to 60 months' imprisonment. (J. & Commitment Order, ECF No. 81.) |
| 5 | Defendant moves for a reduction in his sentence pursuant to 28 U.S.C. § 3582(c)(2). |
| 6 | (Mot., ECF No. 83.) The Government opposes Defendant's motion. (Opp'n, ECF No. |
| 7 | 85.) Defendant did not timely filed a reply. |

## I. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation marks and citation omitted). One such narrow exception is compassionate release pursuant to 18 U.S.C. § 3582.

A court may reduce a term of imprisonment for a defendant sentenced based on a sentence range subsequently lowered by the Sentencing Commission "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This prescribes "a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, a court must determine whether the defendant is eligible for a sentence modification following the policy statements in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10. Second, a court must determine whether exercise of discretion is appropriate given the § 3553(a) factors. *Id.* at 827.

## II. DISCUSSION

Defendant asks the Court to reduce his sentence given U.S.S.G. § 4C1.1, which became effective November 1, 2023. (Mot. 1–2.) The new guideline provides a two-

2

point adjustment of the total offense level for "zero-point offenders." The adjustment is available for defendants who meet *all* of the following criteria:

>(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
>(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
>(3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
>(4) the offense did not result in death or serious bodily injury;
>
>(5) the instant offense of conviction is not a sex offense;
>
>(6) the defendant did not personally cause substantial financial hardship;
>
>(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
>(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
>(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
>(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

Two issues from the policy statements in U.S.S.G. § 1B1.10 are salient here and preclude the relief Defendant requests. First, a reduction is only authorized if an

amendment to the guidelines applies to the defendant. U.S.S.G. § 1B1.10(a)(2). The new guideline does not apply to Defendant because he used violence or credible threats of violence in connection with the offense. As he admitted in connection with his plea agreement,

> defendant solicited and paid for murder-for-hire services via a website on the Dark Web ("Dark Web Group") that purportedly offered murder-for-hire services, in order to have victim R.E. murdered. Specifically, using the username "Ula77," and via the internet, defendant provided the Dark Web Group with specific directions and details about his target, victim R.E. As payment for R.E.'s murder, defendant sent the Dark Web Group Bitcoin payments totaling approximately $13,000.

(Plea Agreement § 9.) Defendant used violence or credible threats of violence by directing the murder of the intended victim. He does not meet criterion 3 of § 4C1.1(a).

Second, a court cannot "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" that would have been applicable if a new guideline were effective at the time of sentencing. U.S.S.G. § 1B1.10(b)(2)(A). Assuming Defendant could receive a zero-point offender adjustment, the amended guideline range for imprisonment based on a total offense level of 27 and criminal history category of I would be 70–87 months. That range exceeds the 60-month sentence the Court imposed, so a further reduction is prohibited.

Because the Court finds Defendant ineligible for a sentence modification, the Court declines to reach the § 3553(a) sentencing factors in the second step of the § 3582(c)(2) inquiry. *Dillon*, 560 U.S. at 826–27. The motion for a sentence reduction is denied.

The Court also denies Defendant's request for appointment of counsel. (Mot. 2.) He is not entitled to representation in aid of a § 3582(c) motion, *United States v.*

4

*Townsend*, 98 F.3d 510, 512–13 (9th Cir. 1996), and a discretionary appointment would be unwarranted given that he has no chance of success on the merits, *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

### III. CONCLUSION

The motion is denied.

**IT IS SO ORDERED.**

Dated: April 8, 2024

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE